## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. RUTH COLLINS, | ) ) ) |
| Plaintiff-Relator, | ) **FILED UNDER SEAL** ) |
| v. | ) Case No. _____ ) **JURY TRIAL DEMANDED** |
| SHELITHA ROBERTSON; JACQUELYN WHITE; TRITAN, INC.; MO GRIGGS CONTRACTING, INC.; and ATLANTA CUSTOM MOTORS, LLC, | ) ) ) ) ) |
| Defendants. | ) ) |

## **COMPLAINT**

1. Relator Ruth Collins brings this action on behalf of herself and the United States of America against Defendants Shelitha Robertson; Jacquelyn White; Tritan, Inc.; Mo Griggs Contracting, Inc.; and Atlanta Custom Motors, LLC, for violations of the federal False Claims Act, 31 U.S.C. §§ 3729 *et seq*. (the "False Claims Act" or the "FCA").

2. This action seeks to recover funds that were loaned to Defendants through the federal Government's Paycheck Protection Program ("PPP") as the result of false applications and which were spent for illegitimate purposes.

3. Through three shell companies, which, upon information and belief, have

no employees and do not conduct any business, Robertson and White conspired to, received, and, upon information and belief, were granted forgiveness for three PPP loans totaling more than $5.3 million that they were not eligible to receive.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. §§ 1331, 1345.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 31 U.S.C. § 3732(a), as one or more of the defendants resides or transacts business in this jurisdiction and violations of the False Claims Act described herein occurred in this district.

## THE PAYCHECK PROTECTION PROGRAM

6. During the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). Section 1102 of the CARES Act contains a program called the Paycheck Protection Program ("PPP"), a program administered by the U.S. Small Business Administration ("SBA") to provide economic relief to small businesses nationwide adversely impacted by the coronavirus pandemic.

7. Section 1102 of the CARES Act temporarily permitted SBA to guarantee

100% of the PPP loans. Section 1106 of the CARES Act provided for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

8. The CARES Act gives lenders delegated authority to process loan applications for PPP funding. SBA allowed lenders to rely on certifications of the borrowers in order to determine eligibility of the borrower and use of loan proceeds, and to rely on specified documents provided by the borrower to determine qualifying loan amount, and eligibility for loan forgiveness.

9. Lenders were compensated by the federal government via processing fees based on the balance of the financing outstanding at the time of final disbursement, in the following amounts:

   a. Five (5) percent for loans of not more than $350,000;

   b. Three (3) percent for loans of more than $350,000 and less than $2,000,000; and

   c. One (1) percent for loans of at least $2,000,000.

10. Borrowers had to submit documentation necessary to establish eligibility such as payroll processor records, payroll tax filings, form 1099s, income and expenses documentation.

11. In general, the maximum amount borrowers could borrow was calculated by aggregating payroll costs from the previous year, with annual employee

salaries capped at $100,000. The borrower then calculated the average monthly payroll cost and multiplied that amount by a factor of 2.5.

12. Each borrower certified on its PPP application that "[d]uring the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program."

13. Borrowers "further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects."

14. Borrowers were then able to seek forgiveness of the loans if the funds were used for eligible payroll costs, payments on business mortgage interest payments, rent, or utilities during either the 8- or 24-week period after disbursement.

## FACTUAL ALLEGATIONS

15. Defendants Jacquelyn White and Shelitha Robertson are business partners. Robertson and White live together at a residence located at 1825 Wallace Rd. SW, Atlanta, GA 30331.

16. Robertson is the founder of Tritan, Inc.; Mo Griggs Contracting, Inc.; and Atlanta Custom Motors, LLC (collectively, "the Companies").

17. The Companies all list the same principal business address with the Georgia Secretary of State's office: 305 Selig Dr., Atlanta, GA 30336.

18. Upon information and belief, the Companies do not have any employees or conduct any actual business.

19. Robertson is the sole officer listed on company registration forms with the State of Georgia for Tritan, Inc. and Atlanta Custom Motors, LLC.

20. Robertson (CEO), White (Secretary), and a third individual, Latessa Griggs (CFO), are listed as officers of Mo Griggs Contracting, Inc.

21. Upon information and belief, Latessa Griggs is Shelitha Robertson's daughter.

22. Defendant Tritan, Inc. is a Georgia corporation with a formation/registration date with the Secretary of State of Georgia of July 25, 2019.

23. Tritan, Inc. was approved by Celtic Bank Corporation for a PPP loan of $1.705,302 on May 14, 2020, less than a year after its formation.

24. Tritan, Inc. reported 83 employees on its PPP loan application, which is believed to be false.

25. Defendant Mo Griggs Contracting, Inc. ("Mo Griggs") is a Georgia corporation, registered with the Secretary of State of Georgia on April 3, 2017.

26. On April 27, 2020, Mo Griggs was approved by Coastal States Bank for a PPP loan in the amount of $1.624,600.

27. Mo Griggs claimed in its PPP loan application to have 133 employees, which is believed to be false.

28. Defendant Atlanta Custom Motors, LLC ("Custom Motors") is a Georgia corporation, registered with the Secretary of State of Georgia on November 13, 2012.

29. On May 3, 2020, Custom Motors was approved by Celtic Bank Corporation for a PPP loan in the amount of $1.976,277.

30. Custom Motors claimed to have 118 employees on its PPP loan application, which is believed to be false.

31. Through these three Companies, Robertson and White received in excess of $5.3 million dollars in PPP funds that they were not entitled to receive. They conspired to secure these loans through false statements and claims both as to the function and size of these businesses.

32. By submitting false applications for PPP loans, Defendants caused the Government to pay processing fees for each of the loans, in violation of 31 U.S.C. § 3729(a)(1)(A).

33. The false certifications to the lenders constitute violations of 31 U.S.C.

§ 3729(a)(1)(B).

34. Upon information and belief, all three loans were granted forgiveness.

35. Since not only did the Companies not actually have the employees they claimed in their application, they also could not have used the PPP funds for payroll, as they must have falsely claimed to have done to receive loan forgiveness.

36. Instead, upon information and belief, Robertson and White are believed to have used the PPP funds for personal purposes such as renovating their home, including adding gold bathroom sinks and other extravagancies.

37. By receiving loans to which they were not entitled and submitting false applications for loan forgiveness, Defendants caused the Government to pay loan forgiveness amounts to the lenders in violation of 31 U.S.C. § 3729(a)(1)(A).

38. Relator Ruth Collins is a television producer with more than 20 years of experience. Relator became aware of the apparently fraudulent PPP loans of Shelitha Robertson, Jaquelyn White, and the shell companies while performing research for a television show.

39. After several months of research, Relator was unable to uncover even a single employee of any of the three Companies.

## COUNT I
## VIOLATIONS OF 31 U.S.C. § 3729–FEDERAL FCA
## (All Defendants)

40.     Relator hereby incorporates and realleges herein all other paragraphs as if fully set forth herein.

41.     As set forth above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval, in violation of 31 U.S.C. § 3729(a)(1)(A).

42.     As set forth above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of 31 U.S.C. § 3729(a)(1)(B).

43.     As set forth above, Defendants knowingly conspired to commit a violation of the False Claims Act, in violation of 31 U.S.C. § 3729(a)(1)(C).

44.     Due to Defendants' conduct, the United States Government has suffered substantial monetary damages and is entitled to recover treble damages and a civil penalty for each false claim, record, or statement. 31 U.S.C. § 3729.

45.     Relator is entitled to reasonable attorneys' fees, costs, and expenses. 31 U.S.C. § 3730(d)(1).

## PRAYER FOR RELIEF

WHEREFORE, Relator prays for judgment against Defendants:

(a) awarding the United States treble damages sustained by it for each of the false claims;

(b) awarding the United States a maximum civil penalty for each of the false claims, records, and statements;

(c) awarding Relator the maximum relator's share from the proceeds of this action and any alternate remedy or the settlement of any such claim;

(d) awarding Relator litigation costs and reasonable attorneys' fees; and

(e) granting such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Relator hereby respectfully demands trial by jury on all issues and counts triable as of right before a jury.

Respectfully submitted,

*/s/ Julie Bracker*
Julie Bracker
Georgia Bar No. 073803
Jason Marcus
Georgia Bar No. 949698
**Bracker & Marcus LLC**
3355 Lenox Rd., Suite 660
Atlanta, Georgia 30326
Telephone: (770) 988-5035

Facsimile: (678) 648-5544
Julie@fcacounsel.com
Jason@fcacounsel.com