IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. RUTH COLLINS, | ) ) ) |
| Plaintiff-Relator, | ) ) |
| v. | ) Case No. 1:22-cv-2634-SDG ) |
| SHELITHA ROBERTSON; JACQUELYN WHITE; TRITAN, INC.; MO GRIGGS CONTRACTING, INC.; and ATLANTA CUSTOM MOTORS, LLC, | ) ) ) ) ) |
| Defendants. | ) |

**UNOPPOSED MOTION FOR DETERMINATION OF RELATOR'S SHARE**

Relator Ruth Collins moves this Court for an Order granting Relator a share of 30% of the proceeds of this action. The Government does not oppose Relator's request for the maximum relator's share.

### I.   INTRODUCTION

Relator filed this False Claims Act (FCA) action on July 1, 2022, alleging that Defendant Shelitha Robertson defrauded the Small Business Administration's (SBA) Paycheck Protection Program (PPP) loan program. In addition to Relator's FCA case, Defendant Robertson was found guilty of defrauding SBA's PPP program by a criminal jury trial.

Following approximately two years of seal period in which the civil case was stayed pending the criminal action, the government's lawyers in consultation with Relator's counsel declined to intervene in the action. Following the declination, Relator's counsel actively litigated the matter for more than a year and continuing, including responding to multiple motions to dismiss by the Defendant, filing her own motion for summary judgment, and appearing before the Court to argue said motions, among other litigation work.

As a result of Relator's contribution and litigation efforts, the Court entered a judgment in favor of the United States for a total of $361,294.74.

The Court has the sole discretion to determine what the "reasonable" share of the recovery Relator should receive. 31 U.S.C. § 3730(d)(2). In addition to the agreement of the United States Attorney's Office, an analysis of case law, legislative history, and the Department of Justice's internal guidelines support a maximum relator's share in this case.

## II.  ANALYSIS

Section 3730(d) of the *qui tam* provisions of the FCA provide for the award of Relator's share. Here, 31 U.S.C. § 3730(d)(2) applies and provides that:

> If the Government does not proceed with an action under this section, the person bringing the action or settling the claim shall receive an amount which the court decides is reasonable for collecting the civil penalty and damages. The amount shall not be less than 25 percent and not more than 30 percent of the proceeds of the action or settlement and shall be paid out of such proceeds.

"Section 3730(d)(2) provides for a higher percentage range of recovery for the relator than Section 3730(d)(1) because in (d)(2) cases (far rarer), the Relator assumes exclusive responsibility for the litigation of the false claims case…." *United States ex rel. Bibby v. Wells Fargo Bank,* 369 F. Supp. 3d 1346, 1352 (N.D. Ga. 2019).

The Government declined to intervene, and Relator and her counsel litigated this matter for over a year, successfully achieving a judgment in favor of the United States. As such the Court has the statutory discretion to award Relator a percentage of the proceeds of this action between 25% and 30%. As argued herein and with prior consultation and consent from the Government, Relator seeks an award of 30% of the proceeds of this action.

Courts in the Eleventh Circuit consider two sets of guidelines governing the calculation of relator's share: the DOJ guidelines and the Senate factors. *Zediker v. OrthoGeorgia,* 857 Fed. Appx. 600, 604-605 (11th Cir. 2021).

**DOJ Guidelines:**

The DOJ guidelines are split into 14 factors that increase the share and 11 factors that decrease the share. *Id.* However, the DOJ guidelines are expressly instructive with regards to intervened cases under Section 3730(d)(1), advising, for example, that the analysis begins at 15%.

3

Regardless, when applying its own guidelines, the U.S. Attorney's Office has agreed that 30% is the appropriate relator's share in this matter. Factors 1 (prompt reporting), 8 (substantial assistance by relator), 10 (substantial assistance by relator's counsel), 11 (cooperating with the Government), and 13 (relatively small recovery) all warrant an increase in the relator's share.

**The Senate Factors:**

The Senate factors are 1) the significance of the information provided to the government by the relator, 2) the contribution of the relator to the result, and 3) whether the information provided by the relator was previously known to the government. *Id.*

Factor 2 weighs heavily towards a significant relator's share, as the Relator litigated the case on behalf of the Government and obtained a successful result. There can be no more important factor than a successful outcome that does not require the Government to unnecessarily expend any of its own resources.

Judge Totenberg reached a similar conclusion in *Bibby*, holding that "Congress intended the preeminent consideration in the award of a relator's share under the False Claims Act to be the scope of the relators' contribution which resulted in significant results on behalf of the Government." 369 F. Supp. 3d at 1352. The court awarded a 28.5% relator's share even after factoring in a "deliberate and prolonged" breach of the seal by Relators during the Government's

investigation that "caused an undeniable costly detour in the litigation and in the Court's and parties' time…" *Id.* at 1354-55.

Of course, there were no such issues here, where the Government relied on Relator to litigate this case, which she successfully did. Accordingly, the Government agrees that an award of a 30% relator's share is appropriate in this matter.

### III.  CONCLUSION

For the reasons stated herein, Relator Ruth Collins respectfully requests a relator's share of 30% of the judgment in this action.

Respectfully submitted this 15th day of September, 2025.[1]

/s/ Jason Marcus
Julie Bracker
Georgia Bar No. 073803
Jason Marcus
Georgia Bar No. 949698
**Bracker & Marcus LLC**
3355 Lenox Rd., Suite 660
Atlanta, Georgia 30326
Telephone: (770) 988-5035
Facsimile: (678) 648-5544
Julie@fcacounsel.com
Jason@fcacounsel.com

---

[1] Pursuant to Local Rules 7(d)(1) and 5.1(B), counsel certifies this filing was prepared using double-spaced Times Roman 14-point font with no more than 10 characters per inch.

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record on this the 15th day of September, 2025.

/s/ Jason Marcus
Jason Marcus