**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. RUTH COLLINS, | ) | |
| Plaintiff-Relator, | ) | |
| v. | ) | Case No. 1:22-cv-2634-SDG |
| SHELITHA ROBERTSON; JACQUELYN WHITE; TRITAN, INC.; MO GRIGGS CONTRACTING, INC.; and ATLANTA CUSTOM MOTORS, LLC, | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF RELATOR'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**

Following the successful litigation of her *qui tam* case, Relator Ruth Collins moves the Court for an award of $141,194.00 in attorneys' fees and $568.39 in costs and expenses as provided for in the False Claims Act. Relator's fee request is based on a lodestar calculation using reasonable rates of $877 per hour for partner Julie Bracker, $859 per hour for counsel Nathan Peak, $850 for partner Jason Marcus, $675 per hour for associate Graham Rusk, and $255 per hour for paralegal Sheri Lang, multiplied by a total of 192.1 hours.

The hourly rates requested here are based on the Fitzpatrick Matrix (discussed in more detail below). Judge Story previously awarded Bracker & Marcus LLC hourly rates based on the Fitzpatrick Matrix in *U.S. ex rel. Hawkins v.*

*OGCC Behavioral Health Services, Inc.*, 1-15-CV-4380-RWS. The rates sought here are the 2025 updated version of those rates, adjusted solely for inflation.

The total amount of time billed to this case is more than reasonable given the more than three years our firm has represented Relator, including actively litigating this matter for close to a year, resulting in a successful judgment in favor of Relator and the United States Government in the amount of $361,294.74. For these reasons, our request for fees and costs is reasonable and should be granted.

## I. INTRODUCTION

Relator filed this False Claims Act (FCA) action on July 1, 2022 alleging that Defendant Shelitha Robertson defrauded the Small Business Administration's (SBA) Paycheck Protection Program (PPP) loan program. In addition to Relator's FCA case, Defendant Robertson was found guilty of defrauding SBA's PPP program by a criminal jury trial. Following approximately two years of seal period in which the civil case was stayed pending the criminal action, the government's lawyers, in consultation with Relator's counsel, declined to intervene in the action on or about June 28, 2024. Following the declination, Relator's counsel actively litigated the matter for more than a year and continuing here, including responding to multiple motions to dismiss by the Defendant, filing her own motion for summary judgment, and appearing before the Court to argue said motions, among

other litigation work. As a result, the Court entered a judgment in favor of the United States for a total of $361,294.74.

Upon the Court's entry of Judgment in favor of the United States government (and Relator) the FCA mandates an award of reasonable attorneys' fees, costs, and expenses against the defendant. 31 U.S.C. § 3730(d)(2).

## II. REASONABLE FEES

The starting point for calculating a reasonable attorney's fee award is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). This is referred to as the "lodestar." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

Accordingly, the first question before the Court is whether the time spent in this litigation was reasonable. "[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1306 (11th Cir. 1988).

Despite representing Relator Ruth Collins since May 2022, including actively litigating the matter upon the government's declination of intervention, we incurred only 192.1 hours in this case following the exercise in billing judgment to remove certain time entries. In light of the complexity of this case and time

incurred in comparable cases, the Court should find that this is a reasonable expenditure of hours.

**A. Preparing and Filing the Case: May 2022 through July 1, 2022**

Because of our extensive experience with FCA matters, generally, and PPP matters, specifically (*see* Exhibit B, ¶ 14), we were able to expeditiously put together the complaint and disclosure statement based on Relator's prior research in conjunction with counsel's research and knowledge. Relator's complaint was filed on July 1, 2022. This entailed 23 hours of work from Relator's counsel.

**B. The Sealed Investigation: July 2, 2022 through June 28, 2024**

From the date of filing until the government filed its declination notice, in June 2024, we incurred 23.9 hours of time in the case. It quickly became apparent from discussions with DOJ that there was a corresponding criminal investigation occurring throughout the seal period. Although we were not provided any substantive information during that investigative period, there were numerous conversations Relator's counsel had with government lawyers and with Relator herself.

Towards the end of the seal period and once the criminal indictment of Robertson was unsealed, we had a number of detailed conversations with government counsel as to the best way to proceed with the civil FCA case in light of developments in the criminal trial. Upon Robertson's sentencing in the criminal

matter, in consultation with government counsel, it was decided that Relator's counsel would litigate the FCA case after the government filed its declination notice. That decision was made collectively with the government, and we humbly assert that it demonstrates the government's confidence in Bracker & Marcus LLC to litigate the declined case.

**C. Litigating Motions to Dismiss and Summary Judgment**

We incurred 112.7 hours of time litigating this case between the entry of the Government's declination and the Court's entry of an Order and Judgement in favor of the United States on August 18, 2025.

As the Court is well aware, Relator's counsel mainly engaged in motions practice. We were required to respond to Defendant's multiple motions to dismiss, as well as filing a motion for summary judgment which was ultimately successful and led to the judgment in favor of the United States. There was also the matter of preparation and appearing before this Court for oral argument regarding all of the motions filed.

**D. Continued Litigation Fees**

Relator's counsel continues to expend time finalizing the judgment. Relator's counsel is also entitled to "fees on fees," i.e., fees incurred litigating the instant fee request. *See Zediker v. OrthoGeorgia*, 857 F. App'x 600, 613 (11th Cir.

2021). Since the Court entered its Order, Relator's counsel has expended 26.6 in additional time.[1]

Relator's counsel attempted to negotiate a resolution to this statutory fee claim and mitigate additional time, but Defendant turned down the offer and did not want to engage in settlement negotiations regarding the Relator's fee claim.

**E. Costs and Expenses**

Relator's costs for this matter are *de minimis*. Costs incurred amount to $568.39, which constitutes the Court's filing fee of $402 and $175.08 in miscellaneous costs including postage, copying, and courthouse parking.

**F. Comparable Cases**

In total, we seek less than 200 hours for more than three years of legal work, from initial intake through judgment, including a year's worth of time engaged in motions practice. A quick survey of fee awards in other FCA cases in this jurisdiction and others generally establishes that our total time was more than reasonable. *See U.S. ex rel. Zediker v. OrthoGeorgia*, 407 F. Supp. 3d 1330, 1344-48 (M.D. Ga. 2019) (in intervened settlement, reasonable for experienced FCA counsel to spend 685.83 hours pre-filing, 394.64 hours during sealed investigation,

---

[1] Relator's counsel reserves the right to supplement with additional time incurred, including but not limited to drafting a Reply brief.

99.34 hours for fees-on-fees); *U.S. ex rel. John Doe I v. Penn. Blue Shield*, 54 F. Supp. 2d 410 (M.D. Pa. 1999) (counsel spent 3,116.45 hours prior to intervention).

As experienced FCA counsel with knowledge of PPP and its regulations, we did not need to spend inordinate amounts of time doing basic research and instead were able to efficiently prepare and file this case as well as perform the necessary litigation work. The time spent was reasonable and substantive in light of having to litigate the matter in a declined posture to conclusion. We incurred just a fraction of the time other experienced FCA lawyers routinely incur during *intervened* cases and even bypassed unnecessary discovery to secure a judgment for the federal government.

For these reasons, the Court should find that Relator's counsel's time was reasonable.

## III. ATTORNEY RATES

In *U.S. ex rel. Hawkins v. OGCC Behavioral Health Services, Inc.*, Civil Action No. 1-15-CV-4380-RWS, 2022 U.S. Dist. LEXIS 255371, at *6 (N.D. Ga. Oct. 28, 2022)—a case in which the Government intervened and settled without litigation—Judge Richard Story of the Northern District of Georgia, Atlanta Division, awarded Bracker & Marcus LLC its full fees and requested rates, which

were based on 2021 Fitzpatrick Matrix[2] rates: $670 for Ms. Bracker, $635 for Mr. Marcus, and $150 for Ms. Lang. *See* Exh. B, ¶ 19.

The rates in the Fitzpatrick Matrix are utilized by the Civil Division of the United States Attorney's Office for the District of Columbia in complex federal litigation such as False Claims Act cases—and are consistent with rates for experienced False Claims Act attorneys in the Northern District of Georgia, Atlanta Division. *See, e.g., Zediker,* 857 F. App'x at 601 (affirming 2019 Atlanta-based rates of $150 for paralegal, $750 for FCA attorney with then 28 years of experience, more than 2019 Fitzpatrick Matrix rate of $685). The rates we request herein are adjusted from those rates only for inflation and counsel's additional years of experience.

Ms. Bracker has twenty-four years of experience, equating to an hourly rate of $877 per the Fitzpatrick Matrix, Mr. Marcus has twenty years of experience, equating to an hourly rate of $850, and Mr. Peak has twenty-one years of experience, equating to an hourly rate of $859. All three practitioners have extensive experience in FCA matters, including litigating declined FCA cases.

Of additional note, Mr. Peak is located in Washington, D.C., thus his home rate is generally governed by the Laffey Matrix. *See U.S. ex rel. Raggio v.*

---

[2] https://www.justice.gov/usao-dc/media/1395096/dl?inline

*Seaboard Marine, Ltd.*, 2017 WL 2591288, at *3-4 (D.D.C. May 4, 2017). Under the Laffey Matrix, Mr. Peak's hourly rate is $1141.[3] However, Mr. Peak seeks an hourly rate commensurate with Ms. Bracker and Mr. Marcus, and consistent with this Court's prior approval of Fitzpatrick Matrix hourly rates in this jurisdiction.

Associate Graham Rusk is a recent graduate of Georgia State University College of Law, in his first year of practice. Mr. Rusk makes for an unusual lodestar case because, prior to becoming an attorney, he had eighteen years of experience with the GBI and FBI performing work that significantly overlaps with what attorneys do and develops similar skills, including investigating fraud and related research and writing. Accordingly, we do not think it would be appropriate to bill someone with his experience at the same rate as a first-year attorney straight out of law school.

Counting only his eighteen years with the GBI (discounting seven additional years in law enforcement), we have applied one year of attorney time for every three years of law enforcement time, plus one year as a lawyer, thus billing him at the rate of an attorney in his seventh year—$675 per hour under the Fitzpatrick Matrix.

---

[3] http://www.laffeymatrix.com/see.html

We seek an hourly rate of $255 for the very capable time spent by our paralegal Ms. Lang, whose entire career has been spent working on False Claims Act matters and who often performs work commensurate with junior associates.

In support of these rates, Relator's counsel provides affidavits from Mr. Marcus and Atlanta-based False Claims Act lawyer Rob Snyder, and a declaration from Atlanta-based False Claims Act lawyer Lynn Adam that the rates requested are consistent with the prevailing market rate for similar services by lawyers of reasonably comparable skills, experience, and reputation.

Finally, above, we note our firm's unusual efficiency in bringing and litigating this matter to a successful conclusion. This fact also favors establishing our rates as reasonable. *See Norman*, 836 F.2d at 1306 (efficiency "should be reflected in the hourly rate awarded").

For these reasons, the requested rates are appropriate for this complex civil litigation under the False Claims Act.

## V. CONCLUSION

The Government declined to intervene in this matter, leaving the litigation in the competent hands of experienced FCA counsel. The result was Relator's counsel securing a judgment in favor of the United States.

Relator and her counsel shouldered that burden and risk and successfully obtained a judgment. Moreover, they did so while expending a fraction of the hours that other experienced FCA attorneys might have spent.

The Court should enter an award of $141,194.00 in fees and $568.39 in costs and expenses.

Respectfully submitted this 15th day of September, 2025.[4]

/s/ Jason Marcus
Julie Bracker
Georgia Bar No. 073803
Jason Marcus
Georgia Bar No. 949698
**Bracker & Marcus LLC**
3355 Lenox Rd., Suite 660
Atlanta, Georgia 30326
Telephone: (770) 988-5035
Facsimile: (678) 648-5544
Julie@fcacounsel.com
Jason@fcacounsel.com

[4] Pursuant to Local Rules 7(d)(1) and 5.1(B), counsel certifies this filing was prepared using double-spaced Times Roman 14-point font with no more than 10 characters per inch.